# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TROY ADAM SHADE,** | : | CIVIL ACTION NO. 3:16-CV-1635 |
| | : | |
| Plaintiff | : | (Chief Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS,** *et al.*, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 22nd day of August, 2019, upon consideration of the report (Doc. 80) of Magistrate Judge Karoline Mehalchick, recommending that the court grant the motion (Doc. 51) to dismiss filed by defendants Gaye Gustitis and Stanley Stanish (together, "the medical defendants"), wherein Judge Mehalchick notes that the parties were notified of the court's intent to construe the medical defendants' motion as one for summary judgment in accordance with the Third Circuit Court of Appeals' decision in Paladino v. Newsome, 885 F.3d 203 (3d Cir. 2018), as concerns exhaustion of administrative remedies, and that both parties were given the opportunity to supplement the record on the issue of exhaustion, (Doc. 80 at 2), and wherein Judge Mehalchick finds that *pro se* plaintiff Troy Adam Shade ("Shade") failed to exhaust administrative remedies as against the medical defendants, (see id. at 12-26), and further upon consideration of Judge Mehalchick's second report (Doc. 81), recommending that the court grant summary judgment *sua sponte* in favor of the various Pennsylvania Department of Corrections defendants (collectively, "the corrections defendants"), based on the recommendation that

Shade's claims against the medical defendants are unexhausted, (see id. at 2), and the court noting that Shade has filed objections (Doc. 88) to the report, FED. R. CIV. P. 72(b), and the corrections defendants have filed a response thereto, (see Doc. 90), and following *de novo* review of the contested portions of the report, see E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)), and affording "reasoned consideration" to the uncontested portions, see id. (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)), the court finding Judge Mehalchick's exhaustion analysis as to the medical defendants in the first report to be thorough, well-reasoned, and supported fully by the record and the decisional law, and finding Shade's objections thereto, which primarily concern his underlying claims, to be without merit, but the court finding, as to the second report, that the exhaustion analysis conducted in the first report addresses failure to exhaust as to the medical defendants alone and does not apply with equal force to the corrections defendants, who have not yet argued or proven this defense; that Shade is entitled to notice and an opportunity to be heard on the question of exhaustion as to the corrections defendants, Paladino, 885 F.3d at 211; and that a report recommending entry of judgment on grounds of exhaustion as to the medical defendants does not constitute sufficient notice that judgment on grounds of exhaustion may be entered

as to the corrections defendants,[1] such that this matter must proceed against the corrections defendants who may separately raise the defense of exhaustion as to Shade's claims against them,[2] it is hereby ORDERED that:

1. The first report (Doc. 80) of Magistrate Judge Mehalchick is ADOPTED.

2. The medical defendants' motion (Doc. 51) to dismiss Shade's amended complaint, which has been treated as a motion for summary judgment in accordance with the Third Circuit's decision in Paladino, is GRANTED to the extent that the medical defendants are entitled to summary judgment on grounds administrative exhaustion.

3. Entry of judgment in favor of the medical defendants is DEFERRED pending final resolution of this litigation.

4. The second report (Doc. 81) of Magistrate Judge Mehalchick is ADOPTED in part as follows:

   a. The report is ADOPTED to the extent it concludes that Shade's motion (Doc. 78) for default judgment is without merit.

   b. Shade's motion (Doc. 78) for default judgment is DENIED.

   c. The court otherwise declines to adopt the report (Doc. 81).

---

[1] The second report finds that Shade had notice and an opportunity to produce evidence on exhaustion as to the corrections defendants based on a March 22, 2018 order (Doc. 76) converting the medical defendants' Rule 12 motion to a Rule 56 motion and setting a deadline for additional evidence on that motion. (See Doc. 81 at 3). That order concerned only the medical defendants and made no mention of exhaustion as pertains the corrections defendants. (See Doc. 76). Hence, the March 22 order does not provide the requisite notice to Shade that the court would also conduct an exhaustion analysis as to the corrections defendants.

[2] We agree with Judge Mehalchick, however, that because the corrections defendants have answered Shade's complaint, (see Doc. 50), Shade's motion (Doc. 78) for default judgment against these defendants is without merit and should be denied.

3

5. Shade's motion (Doc. 95) for leave to file amended objections and memorandum of law in response to the corrections defendants' opposition papers is DENIED as moot in view of the court's ruling as to the corrections defendants.

6. The corrections defendants may, to the extent they so elect, file an appropriate motion raising the affirmative defense of administrative exhaustion within 30 days of the date of this order.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania